G. H. A. THOMAS COMPANY

VS

: NO. 8911

:COURT OF APPEAL FOR THE

: PARISH OF ORLEANS

MRS. MAMIE EVANS & ARTHUR EVANS, HER HUSBAND :

: : : : :

- - -

WILLIAM A. BELL, JUDGE

- - -

MARCH 5, 1923.

By WILLIAM A. BELL, Judge.

This is a suit by plaintiff for the value of certain materials furnished and used in repair of a certain building. The action is brought against the alleged owners of the building, from whom plaintiff seeks to recover the sum of $144.46. There was judgment for this amount in favor of plaintiff and defendants have appealed.

We find from the evidence that the plaintiff sold and delivered certain lumber to one N. Rhodes, as appears from an itemized statement filed in the record, deliveries of said lumber having been made between July 8, 1921, and August 5, 1921, and used in the repair of a building belonging to the defendants, who had contracted with the said Rhodes to repair their residence for the total sum of $400.00, all in accordance with the written contract between the defendants and the said Rhodes, also in the record of this case. It appears that the entire price of the contract between defendants and the purchase of this lumber was paid by the defendants to the said contractor under six certain installment payments, receipts for which are also found in the record, and the last receipt of which declares that the full amount of the contract has been paid, this last receipt bearing date August 9, 1921.

On April 24, 1922, eight-and-one-half months after the completion of the work by Rhodes, the plaintiff in this suit served an attested account on defendants, and on the same date recorded in the Mortgage Office of the Parish of Orleans a copy of the attested account, duly sworn to, and bearing on the property of the defendants herein. This account showed a total of $142.96, and, in addition to this amount the cost of recording said attested account, in the sum of $1.50, is prayed for in plaintiff's petition. There is no prayer in the petition for recognition of plaintiff's lien and privilege.

Defendants have answered this suit, pleading that the plaintiff's petition discloses no cause of action; that N. Rhodes, the contractor, should have been made a party thereto, and, on the merits, denying certain allegations or the petition. It is alleged that they specially deny ever having bought any lumber or building material from the plaintiff, but that they did have a contract with the said Rhodes for repairs to their property, and that said contract having been fully performed, they made full payment of the contract price to the said Rhodes, and never knew that Rhodes was indebted to the plaintiff until April 24, 1922, the date upon which the attested account was served and filed. It is further averred in defendants' answer that they were duly served with said attested account and that a copy of same was recorded in the Mortgage Office of April 24, 1922, but that they deny the right of plaintiff to serve said attested account after the delays allowed by law had expired; and it is further averred that the attested account was not seasonably served, and that there should be an order entered directing plaintiff to cancel same at plaintiff's expense, thus relieving defendants' property of the cloud resting on the title to their property.

There was judgment for the plaintiff in the amount prayed for without recognition of any lien and privilege.

There is a letter in the record addressed to the plaintiff by defendants' attorney, bearing date April 21, 1922, three days before the recordation of the attested account. This letter is in response to one addressed to the defendants by the plaintiff, and it is argued by plaintiff that defendants, through their counsel, have admitted in this letter their liability to the plaintiff. We have examined the contents of this letter with care, and find there is nothing in it by which the liability of Rhodes, the contractor, to the said plaintiff has in any manner been assumed by the defendants, nor is

there anything in the said letter which could have induced the plaintiff to delay in the assertion of it's lien, as provided by law. The period for recording the lien had elapsed by many months at the time of the writing of said letter, and it's contents may, therefore, be wholly disregarded, the same being immaterial to the issues in this case.

We find the facts in this case square in every respect with those which we have heretofore considered in the case of Roca Lumber Co. v. Frice & Chambers, No. 8741 of the docket of this court, and decided by us on February 5, 1923. The same law applies to this case as was observed in the case just cited, and the plea of prescription now urged by the defendants in the instant case must be maintained.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same hereby is reversed, and IT IS NOW ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the defendants, Mrs. Mamie Evans and Arthur Evans, her husband, dismissing plaintiff's suit at plaintiff's costs in both courts.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the lien and privilege recorded in the Mortgage Office of the Parish of Orleans in favor of G. H. A. Thomas Company, in the sum of $142.96, be duly cancelled and annulled, the same appearing in Mortgage Office Book 1270, Folio 163, and bearing against the following described property:

"No. 1732 Constantinople Street, in the square bounded by Constantinople, Marengo, Baronne and Carondelet Streets, being Square No. 433."

The cost of said cancellation to be borne by the plaintiff herein, the G.H.A. Thomas Company, and being hereby taxed against said plaintiff as part of the judgment herein rendered.

JUDGMENT REVERSED.                    MARCH 5, 1923.